(14 Misc. Rep. 249.)

ISAACS v. FLAHIVE.

(City Court of New York, General Term. October 29, 1895.)

FALSE IMPRISONMENT—OFFICER ACTING WITHOUT WARRANT.

In an action for false imprisonment it appeared that a woman who had been boarding with plaintiff left without notice and without paying her board; that defendant, who was a policeman assigned to special duty at the institution of a guardian society, was sent by the superintendent of such society to get the trunk which the woman had left at plaintiff's house; that plaintiff refused to give up the trunk, and defendant, though he had no warrant, attempted to take it, and, when plaintiff resisted, arrested her. *Held*, that it was immaterial whether plaintiff had a license to keep a boarding house, or had a right to retain the trunk.

Appeal from trial term.

Action by Hannah Isaacs against John H. Flahive to recover damages for assault and false imprisonment. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

Morris Goodhart, for appellant.

Maurice Mayer, for respondent.

McCARTHY, J. About three or four weeks prior to the 16th day of February, 1894, one Minnie Raphael, a young woman, not then of age, was brought by a Mr. Goldsmith to the house or apartments of the plaintiff, at No. 2075 Second avenue, in the city of New York, where she boarded for about three weeks. She left without notice, leaving behind her trunk. The price agreed upon for her board was six dollars per week, none of which has at any time been paid. Ten days after she left, and on the 16th day of February, 1894, the defendant, who was a police officer, assigned to special duty at the Institution of the Hebrew Sheltering Guardian Society, went to the plaintiff's premises, and, against the will and protest of the plaintiff, forcibly removed the trunk, at the same time assaulting the plaintiff, who resisted its removal. Subsequently, and as a part of the same transaction, the plaintiff continuing to resist his attempts to take the trunk, he arrested the plaintiff, and at the station house charged her with assaulting him, a police officer, while in the discharge of his duty. The defendant had gone to the plaintiff's residence without any warrant or other legal process of any kind, and simply under direction of the superintendent of the Hebrew Sheltering Guardian Society, who told him to go and get the trunk. Mrs. Isaacs, the plaintiff, after her arrest, obtained bail, and was released at 9 o'clock that evening. She was arraigned the following morning, before Police Justice Simms, and duly and promptly discharged. This action is brought to recover damages sustained by her both for the assault and for false imprisonment, the complaint setting forth two several causes of action therefor.

Whether the plaintiff was a boarding house keeper, and had a license to keep the same, or has a right to retain the trunk in dispute, in view of the facts in this case, is entirely immaterial. It

is certain and apparent that there was a dispute in regard to the possession and right of possession of this trunk between the plaintiff, on one side, and Minnie Raphael and the defendant, on the other; that the plaintiff held the trunk, and claimed a right to it, and refused voluntarily to surrender it. This was in the apartments of the plaintiff, and the defendant was there without legal process. At this juncture the defendant was no better, greater, nor more powerful than any other citizen, and could not determine the rights of these disputants, nor·assist one against the other. There being at this time no breach of the peace, but simply the question of the possession of the trunk, and he there without warrant or legal process, the plaintiff had a right to protect and defend her property, or the possession of any property to which she claimed a right. Any assault or act of violence committed by the defendant on these premises in taking the trunk, as above set forth, was at his peril, and for which he is liable in damages. His duty was to advise and require Minnie Raphael to procure either a summons or warrant from a criminal court, or to resort to one of the many remedies provided by law. Then the rights of all concerned would have been finally determined and settled. He saw fit, however, to be judge and executioner, and must take the consequences.

The question of probable cause in this action for false imprisonment was properly left to the jury.

The trial justice was not bound to charge every proposition of law requested, even if correct, unless it was pertinent to the issues, and had not been covered by his previous charge. We think his charge was clear, proper, able, and correct, and, if anything, very favorable to the defendant.

The jury having found against the defendant on the facts, which were disputed and strongly contested, we cannot disturb the verdict; and, finding no errors, this judgment must be affirmed, with costs. All concur.